IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY, III, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:11-cv-00488 |
| vs. | § | (Judge Clark/Judge Mazzant) |
| | § | |
| AHF FINANCIAL SERVICES, LLC, | § | |
| ALPHINE H. FREEMAN III, AND | § | |
| X-RAY ASSOCIATES OF NEW | § | |
| MEXICO, P.C., | § | |
| X-Rays. | § | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT X-RAY ASSOCIATES OF NEW MEXICO, P.C.'S COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), Plaintiff hereby moves to dismiss the legally insufficient and inadequately pleaded counterclaims asserted by X-Ray Associates of New Mexico, P.C. ("X-Ray"). In support thereof, Plaintiff states as follows:

**I.     INTRODUCTION.**

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), the Texas Debt Collection Act, Chapter 392 ("TDCA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17 ("DTPA"). X-Ray asserted two counterclaims in its answer. First, X-Ray claims that it is entitled to attorneys' fees and costs under § 1692k. This section does not provide a basis for a claim or counterclaim. X-ray may only seek attorneys' fees after adjudication on the merits and only upon the Court's finding that Plaintiff brought this action in bad faith and for the purpose of harassment. Further, X-Ray merely recites the statutory language without reference to any underlying facts, making the claim insufficient as a matter of law. Second, X-Ray alleges breach of contract for Plaintiff's underlying credit card debt. The Court does not have subject matter jurisdiction over this

1

counterclaim, as it arises under state law. Even if the Court has supplemental jurisdiction, the Court should decline to exercise it, because this state law claim will substantially predominate over the federal claim and have a chilling effect on potential FDCPA plaintiffs.

## II. PROCEDURAL HISTORY.

Plaintiff filed his original Complaint against AHF Financial Services, LLC ("AHF") and Alphine H. Freeman, III ("Freeman") on August 4, 2011. (Doc. 1). AHF and Freeman answered the complaint on October 5, 2011. (Doc. 9). On April 26, 2012, Plaintiff amended his original complaint to include X-Ray as a named defendant. (Doc. 17). X-Ray filed its answer on June 11, 2012, asserting two counterclaims against Plaintiff. (Doc. 21).

## III. STATEMENT OF FACTS.

Plaintiff asserts claims under the FDCPA, the TDCA, and the DTPA. (Doc. 17 ¶ 1). The claims relate to an initial written correspondence that Plaintiff received which violated these statutes for failing to provide required notices and for containing factual and legal misrepresentations. (*Id*. ¶¶ 22-29). In its answer, X-Ray asserts two counterclaims. (Doc. 21 ¶¶ 66-75). The first counterclaim, "BAD FAITH COUNTERCLAIM," states "Defendant is entitled to recover its own reasonable costs and attorney's fees under 15 U.S.C. § 1692k(a)(3) on the grounds that Plaintiff brought this action in bad faith or for the purposes of harassment." (*Id*. ¶ 66). Defendant makes a nearly identical claim regarding Texas Finance Code § 392.403(c), which provides for reasonable costs and attorney's fees. (*Id*. ¶ 67).

The second counterclaim, "COUNTERCLAIM ON THE UNDERLYING DEBT," states that, "Defendant files this counterclaim as a breach of contract against Plaintiff." (*Id*. ¶ 68). Defendant alleges that Plaintiff was billed in the amount of $907.00 "based on five (5) separate accounts to which Plaintiff incurred costs for treatment." (*Id*. ¶ 69). Defendant further alleges

2

that "[a]n outstanding balance of $591.00 remains to be paid." (*Id.* ¶ 70). Defendant claims that "the damages are liquidated in the above amounts" and "seeks judgment for all reasonable and necessary attorney's fees and related expenses incurred through the trial Court." (*Id.* ¶¶ 74, 75).

## IV. STANDARD.

### A. Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) is the proper mechanism to challenge the validity of a counterclaim. *See, e.g.*, *Great Lakes Reins. (UK) PLC v. Tico Time Marine LLC*, No. 4:10-CV-2060, 2010 WL 4065470, at *1 (S.D. Tex. Oct. 12, 2010); *J&J Sports Productions, Inc. v. Tawii*, No. SA-09-CV-327-XR, 2009 WL 3761759, at *1 (W.D. Tex. Nov. 9, 2009). "A motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005). Rule 12(b)(6) allows a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to allow a party to test whether the opposing party is entitled to relief as a matter of law, even if everything alleged in the pleading is true, and to quickly, inexpensively, and efficiently dispose of clearly meritless litigation. *In re Rambo Imaging, LLP,* No. 07-11190-FRM, 2007 WL 3376163, at *14 (Bankr. W.D. Tex. Nov. 8, 2007).

To survive a Rule 12(b)(6) motion, the factual allegations must be "above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Payne v. Bexar County Dist. Court House*, No. SA-10-CV-0740 XR, 2010 WL 4392568, at *3 (W.D. Tex. Oct. 28, 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### B. Federal Rule of Civil Procedure 12(b)(1).

A district court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "The party seeking to assert federal jurisdiction…has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

### C. Discretion of the Court.

The decision to grant a motion to dismiss counterclaims for which there is supplemental jurisdiction rests within the court's discretion. *Burgess v. Omar*, 345 F. Supp. 2d 369, 371 (S.D.N.Y. 2004) ("As there is no independent basis of federal subject matter jurisdiction over the counterclaims, they must be dismissed unless they come within the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) *and the Court opts to exercise that jurisdiction*.") (emphasis added); *Crawford v. Equifax Payment Services, Inc.*, No. 97 C 4240, 1998 WL 704050 at *2 (N.D. Ill. Sept. 30, 1998) ("that we may exercise supplemental jurisdiction does not end our inquiry. Section 1367(c) empowers district courts to decline to exercise jurisdiction over a claim…").

### D. Application to Federal and State Acts.

Plaintiff alleges violations of the FDCPA, the TDCA, and the DTPA, all of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. *See* 15 U.S.C. §1692e; Tex. Fin. Code § 392.304(a)(19); Tex. Bus. Com. Code § 17.46. Because the structure,

4

purpose, and provisions of the statutes are similar, the arguments in this motion apply equally to X-Ray's counterclaim for attorneys' fees under the FDCPA and under its Texas counterparts. *May v. Arrow Financial Servs. LLC*, No. H-08-3116, 2010 WL 1994190, at *3 (S.D. Tex. May 17, 2010); *Bullock v. Abbott & Ross Cred. Servs., L.L.C.*, No. A-09-CV-413 LY, 2009 WL 4598330, at *2 n.3 (W.D. Tex. Dec. 3, 2009); *Prophet v. Myers*, 645 F. Supp. 2d 614, 617 (S.D. Tex. June 4, 2008).

## V.     RECOVERY OF ATTORNEYS' FEES FOR BAD FAITH CONDUCT.

X-Ray's first counterclaim is for recovery of attorneys' fees based on the alleged bad faith and harassment of Plaintiff. (Doc. 21 ¶¶ 66). The counterclaim references 15 U.S.C. § 1692k(a)(3) and its Texas counterparts, Texas Finance Code § 392.403(c) and Texas Business and Commercial Code § 17.50(c). (Doc. 21 ¶ 66-67). A counterclaim under § 1692k(a)(3) is not ripe until the merits of the case are adjudicated and is, therefore, more appropriately brought as a motion.

### A.     X-Ray's First Counterclaim Should Be Dismissed Because § 1692k(a)(3) Does Not Provide A Basis For A Counterclaim.

X-Ray's first counterclaim is legally insufficient because § 1692k(a)(3) "provides *relief*, but not a claim, to defendants." *Hardin v. Folger*, 704 F. Supp. 355, 357 (W.D.N.Y. 1988) (emphasis in original); *Young v. Reuben*, No. 1:04 CV 0113 SEB VSS, 2005 WL 1484671 at *1–2 (S.D. Ind. June 21, 2005) ("counterclaim" for attorneys' fees is not an independent claim for relief, but rather a "heads-up" to plaintiff and the court that defendant intends to pursue its statutory remedy after adjudication of the primary claim); *Allen v. Scott*, No. 3:10-CV-02005-F, 2011 WL 219568 at *2 (N.D. Tex. Jan. 19, 2011) ("The conclusion that § 1692k does not permit a bad faith counterclaim is consistent with the majority of decisions reached by other courts.").

5

The proper remedy is a motion for attorneys' fees, brought only "[i]f the Court determines that the action is brought in bad faith." *Hardin*, 704 F. Supp. at 357 (dismissing the defendant's counterclaim without prejudice to the defendant filing a later motion for attorneys' fees). "Perhaps more importantly, § 1692k only provides that the Court 'may' award attorney's fees. Put simply, § 1692k does not create an affirmative claim for relief. [Defendant] could not have brought its 'claim' before [Plaintiff] filed suit; nor could it likely recover in a separate lawsuit once this case comes to a close." *Allen*, 2011 WL 219568, at *2.

B. **Seeking Attorneys' Fees And Costs At This Stage Of Litigation Is Inappropriate.**

"Section 1692k is retrospective" and "contemplates a post-trial proceeding following an assessment of the merits of a plaintiff's complaint." *Kropf v. TCA, Inc.*, 752 F. Supp. 2d 797, 801 (E.D. Mich. 2010). The premature nature of X-Ray's counterclaim is evidenced by the language of § 1692k(a)(3), which awards attorneys' fees only "in the case of any successful action." 15 U.S.C. § 1692k(a)(3). "To recover attorney's fees under the FDCPA, the *prevailing* defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment." *Allen*, 2011 WL 219568, at *2 (emphasis in original) (quoting *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1211 (5th Cir. 1985)).

"[T]he majority of cases to consider this issue have instead dismissed the counterclaim as premature or for lack of a statutory cause of action, permitting defendants to renew attorney's fee requests at the conclusion of the case." *Kropf*, 752 F. Supp. at 800-01; *Chlanda v. Wymard*, No. C-3-93-321, 1994 WL 583124 at * 1 (S.D. Ohio Aug. 16, 1994) (the defendant's request was not ripe until after a decision by the court on the merits, as the statute did not create a cause of action but rather anticipated that a defendant would proceed by means of a motion for attorneys' fees).

Requiring a claim for attorneys' fees to be brought in a motion is consistent with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54 ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."). This is especially apparent in this case, where the basis of X-Ray's counterclaim consists of nothing more than mere denials of the facts alleged in Plaintiff's complaint.

### C. The Court Must Dismiss X-Ray's Counterclaim Because It Has Not Pleaded Any Facts To Support A Plausible Claim That Plaintiff Brought This Action In Bad Faith.

Even if bad faith could form the basis for a counterclaim, which it cannot, X-Ray fails to state facts to raise these claims beyond the level of speculation. The counterclaim simply states that X-Ray is entitled to attorneys' fees under the statutes without alleging any facts to support this claim. (Doc. 21 ¶¶ 66, 67). Conclusory assertions without underlying facts do not satisfy the fair notice and plausibility standards for pleadings. *See e.g.*, *Hawkins v. Apex Fin. Mgmt., LLC.*, No. 2:05CV1146, 2006 WL 891169 at *2 (W.D. Pa. Mar. 30, 2006) ("Plaintiff's conclusory assertions appear insufficient to provide defendant with fair notice of the transaction and, thus, fail to state a claim under the FDCPA."); *see also Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 468 (W.D. Tex. 2011) ("a plaintiff must plead specific facts, not mere conclusory allegations") (citation omitted). A mere assertion that claims are frivolous is not sufficient evidence of bad faith or harassment. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940-41 (9th Cir. 2007).

### VI. X-RAY'S SECOND COUNTERCLAIM SHOULD BE DISMISSED BECAUSE THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THIS STATE LAW CLAIM.

The Court should dismiss X-Ray second counterclaim for lack of subject matter jurisdiction. X-Ray's second counterclaim does not arise under a federal statute, nor does it

involve a federal question to receive jurisdiction under 28 U.S.C. § 1331. While the parties are diverse, the amount in controversy does not exceed $75,000, such that 28 U.S.C. § 1332 would offer subject matter jurisdiction. Therefore, X-Ray can only rely on supplemental jurisdiction to bring this claim. *See* 28 U.S.C. §1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other *claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III*") (emphasis added). However, X-Ray's claim is essentially a separate case, unrelated to Plaintiff's FDCPA claim. Accordingly, the Court should dismiss X-Ray's Second Counterclaim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

### A. X-Ray's Counterclaim Is Not Compulsory And Therefore Cannot Be Heard Under 28 U.S.C. §1367(a).

All counterclaims that are not compulsory are permissive. *Hurtado*, 2007 WL 1746884 at *2. "The test for whether a claim is compulsory is: (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res *judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as the defendant's counterclaim; and (4) whether there is any *logical relationship* between the claim and the counterclaim." *Dominguez v. Safety Nat'l Cas. Corp.*, No. CIV.A. H-09-1681, 2010 WL 697274 at *3 (S.D. Tex. Feb. 23, 2010) (citing *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992)) (emphasis added).

#### 1. Counterclaims To Recover The Underlying Debt Are Not Compulsory To FDCPA Claims.

Texas district courts have found that counterclaims to recover underlying debts are not compulsory in FDCPA suits because they lack a significant relationship to one another.

*Hurtado*, 2007 WL 1746884 at *2 ("[t]he Court accordingly finds TAM's counterclaim in this action to be permissive rather than compulsory"); *Barcena v. Tam Fin. Corp.*, No. EP-07-CA-0020-KC, 2007 WL 1452587 at *3 (W.D. Tex. May 8, 2007) (holding "counterclaim is not compulsory under Federal Rule 13(a) because it arises out of an 'aggregate core operative facts' distinct from those underlying Barcena'' claim"); *see also Egge v. Healthspan Servs. Co.*, 115 F. Supp. 2d 1126 (D. Minn. 2000) (recognizing that "[m]any courts note that no court has found that an FDCPA suit was a compulsory counterclaim to a debt collection action").

### 2. A Breach Of Contract Claim Is Not Compulsory Because It Is Not Logically Related To A Consumer Rights Claim.

Even under the least restrictive test for whether a claim is compulsory, the logical relationship standard, X-Ray cannot maintain its second counterclaim. "The Fifth Circuit has not addressed whether a plaintiff's FDCPA claim alleging improper debt collection practices and a defendant's counterclaim for payment of an underlying debt bear a logical relationship to each other." *Hurtado*, 2007 WL 1746884 at *2. "All courts to have considered the matter, however, have concluded that a debt counterclaim is distinct from and not logically related to a plaintiff's FDCPA claim based on improper debt collection practices". *Id*. An FDCPA claim "relates to the alleged use of abusive debt collection practices, while defendant's counterclaim 'encompasses a private duty under state law [requiring] a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of contract by the plaintiff, and monetary damages resulting from the breach." *Barcena*, 2007 WL 1452587 at *3 (citation and quotations omitted).

Plaintiff's claims relate to statutory violations in a dun letter. (Doc. 17, ¶¶ 22-29). The only common thread between Plaintiff's FDCPA claims against X-Ray and X-Ray's counterclaim is that they stem from the same debt, but the validity of an underlying debt is

9

irrelevant to an FDCPA claim. *Baker v. G.C. Services Corp*, 677 F.2d 775, 777 (9th Cir. 1982) ("The [FDCPA] is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists."); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) ("The Act makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid."). Furthermore, the factual or legal issues of each claim are completely different, and the evidence needed to settle one claim will not be used to settle the other. *Campos v. W. Dental Services, Inc.*, 404 F. Supp. 2d 1164, 1169 (N.D. Cal. 2005) ("Whether a plaintiff in an unfair debt collection practices action actually has outstanding debt is irrelevant to the merits of the FDCPA claim, and thus defendant Western's evidence of a valid contract is not relevant to plaintiff's claim.").

### 3. In The Fifth Circuit, Permissive Counterclaims Must Have Their Own Federal Subject Matter Jurisdiction.

Permissive counterclaims require independent subject matter jurisdiction. *Hurtado v. TAM Fin. Corp.*, No. EP-07-CA-065-FM, 2007 WL 1746884 at *2 (W.D. Tex. June 5, 2007) ("Here, it is clear that if TAM's counterclaim is merely permissive, this Court must dismiss the counterclaim from this action for lack of jurisdiction."); *Plant v. Blazer Fin. Services, Inc. of Georgia*, 598 F.2d 1357, 1359 (5th Cir. 1979) ("[a] permissive counterclaim must have an independent jurisdictional basis"); *Oak Park Trust & Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000) ("As a permissive counterclaim, it is outside the supplemental jurisdiction."); *Burgess*, 345 F. Supp. 2d at 372 ("[W]hile there may be some facts that are common to both the complaint and these counterclaims, the complaint and these counterclaims do not arise out of a common nucleus of operative fact. Put another way, while facts relevant to one claim might provide background with respect to the other, more is required."); *Weber v. Fujifilm Med. Sys.*

*U.S.A., Inc.*, No. 3:10CV401 JBA, 2011 WL 781172 at *5 (D. Conn. Feb. 28, 2011) ("Since FMSU's counterclaims are permissive, and without an independent basis of jurisdiction, the Court may not exercise its ancillary jurisdiction over the counterclaims."). Since a counterclaim for underlying debt is not compulsory in FDCPA actions, and Defendant has no independent jurisdictional basis for bringing its second counterclaim, the Court must dismiss it for lack of subject matter jurisdiction.

> **B.    The "Nucleus Of Operative Fact" Standard Used For Determining Whether A Court May Hear A Claim Under Its Supplemental Jurisdiction Is Essentially The Same Standard Used To Determine Whether A Claim Is Permissive Or Compulsory.**

"The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). The ultimate issue is whether the claims, because they are so intertwined, ought to be heard together in the same suit. *Id*. The similarity between the Fifth Circuit's Rule 13 and § 1367 tests indicates that if a claim is not compulsory, it is not properly heard under supplemental jurisdiction. Accordingly, the Court should dismiss X-Ray's Second Counterclaim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

**VII.   EVEN IF THE COURT FINDS IT HAS SUPPLEMENTAL JURISDICTION, THE COURT SHOULD DECLINE TO EXERCISE ITS DISCRETION.**

Notwithstanding the existence of supplemental jurisdiction over a counterclaim, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if…(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,…or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

11

### A. Permitting Counterclaims For Underlying Debts Would Chill The Exercise Of Consumer Rights Under The FDCPA.

A compelling reason exists to decline supplemental jurisdiction, as such counterclaims would impede the expeditious enforcement of the policies giving rise to enactment of the FDCPA and would have a chilling effect on the exercise of consumers' rights under the FDCPA. *See Campos*, 404 F. Supp. 2d 1164 (declining to exercise its discretion to hear counterclaim because refusal to dismiss collection counterclaim would chill consumers' right under the FDCPA); *Sparrow v. Mazda Am. Credit,* 385 F. Supp. 2d 1063 (E.D. Cal. 2005) (refusing to exercise supplemental jurisdiction because of the chilling effect that it would have on consumers' rights to pursue remedy under the FDCPA); *Barcena*, 2007 WL 1452587 at *4 ("The Court agrees with the courts in *Sparrow* and *Campos* in finding that strong policy reasons exist to decline jurisdiction.").

Even where courts refuse to acknowledge the distinction between permissive and compulsory counterclaims for the purposes of supplemental jurisdiction, courts have found it appropriate to dismiss counterclaims in FDCPA actions. *Crawford*, 1998 WL 704050 at *7. Refusing to hear the counterclaim "does not allow the debtor to shirk his alleged debt; it simply does not grant the debt collector a federal forum." *Id*. "[T]he debt collector may pursue the claim easily in state court," and, thus, "any chilling effect on the bringing of actions under FDCPA is avoided, while still enabling the debt collector to pursue his just remedies in state court." *Id*.

### B. X-Ray's Second Counterclaim Substantially Predominates Over Plaintiff's Original Federal Claim.

Plaintiff alleges claims under the FDCPA, while X-Ray's counterclaim to collect the alleged underlying debt encompasses a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff, and monetary damages resulting from the breach. *Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 49-50 (W.D.N.Y. 1987); *Avery v. First Resolution Mgmt. Corp.*, No. 06-1812 HA, 2007 WL 1560653 at *9 (D. Or. May 25, 2007) *aff'd*, 561 F.3d 998 (9th Cir. 2009) ("Plaintiff's liability under the Agreement is irrelevant to these issues. Allowing the Counterclaim here could lead to extensive litigation of individualized contract liability and damage issues that bear little relation to plaintiff's FDCPA claims."); *Moore v. Old Canal Fin. Corp.*, No. CV05-205-S-EJL, 2006 WL 851114 at *5 (D. Idaho Mar. 29, 2006) ("the state law involved in Defendant's counterclaim will predominate the case to the point that exercising jurisdiction over the counterclaim would be improper… what has given rise to our jurisdiction, is the Plaintiff's claims based upon Federal law regarding the alleged impropriety in Defendant's actions in collecting upon the debt").

Adjudication of X-Ray's counterclaims very well may be considerably more time consuming than the adjudication of Plaintiff's straightforward claims for violation of the FDCPA. As such, X-Ray's counterclaims may substantially predominate over Plaintiff's for which this Court maintains original jurisdiction. The same would inevitably divert time from litigants in other cases patiently waiting in the queue for the limited time of federal judges.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order dismissing X-Ray's counterclaims.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Attorney in Charge for Plaintiff
WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 565-1327 (fax)

**CERTIFICATE OF SERVICE**

I certify that on July 2, 2012, I electronically filed the foregoing document with the clerk of the U.S. District Court, Eastern District of Texas, Sherman Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz