UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY, III,<br>    Plaintiff<br>v.<br><br>AHF FINANCIAL SERVICES, LLC,<br>ALPHINE H. FREEMAN III, AND<br>X-RAY ASSOCIATES OF NEW<br>MEXICO, P.C.<br>Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 4:11-CV-00488 |

## DEFENDANT X-RAY ASSOCIATES OF NEW MEXICO, P.C.'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS

COMES NOW, X-Ray Associates of New Mexico, P.C., one of the Defendants herein, and files its Response to Plaintiff's Motion to Dismiss and would respectfully show unto the Court as follows:

### I.

### INTRODUCTION

1. Plaintiff was injured in an equestrian accident. As part of his emergency treatment, he received care from X-Ray. Plaintiff failed to complete payments to X-Ray for the services rendered. Initially, Plaintiff sued individual debt collectors for their attempts to collect on the debt.

2. In Plaintiff's Amended Complaint adding X-Ray as a party, he alleges that X-Ray is a "creditor" as defined by 15 U.S.C. § 1692a(4). *Id.* at 2. Plaintiff further alleges that "[a]s a result of the principal-agent relationship, AHF is vicariously liable for the acts of X-Ray."[1] *Id.* As the "creditor" of the debt at issue, X-Ray cannot be held liable under the FDCPA as it does not apply

---

[1] X-Ray assumes based on the facts pled that Plaintiff intends to mean X-Ray is vicariously liable for the acts of AHF.

**DEFENDANT X-RAY ASSOCIATES OF NEW MEXICO, P.C.'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS –** **Page 1**
Z:\215.0000 X-Ray Associates of NM, PC\215.0001 Thomas Whatley v X-Ray Associates of New Mexico, P.C\Pleadings\2150001.Response to Plaintiff's MTD.docx

to the original creditor. X-Ray filed its Answer and Counterclaims on June 11, 2012. Doc. 18. On July 2, 2012, Plaintiff filed his Motion to Dismiss Defendant X-Ray Associates of New Mexico, P.C.'s Counterclaims on July 2, 2012. Doc. 27. X-Ray now responds to Plaintiff's Motion to Dismiss.

## II.

## STANDARD OF LAW

### A. Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

3. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) must be considered before any other challenge, because a court must have jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). In ruling upon such motion, a district court is free to weigh the evidence and satisfy itself as to its power over the case. *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992). In making this ruling, the district court may rely upon: (1) the complaint alone, (2) the complaint supplemented by undisputed facts in the record, or (3) the complaint supplemented by undisputed facts in addition to the court's resolution of disputed facts. *Barrera-Montenegro v. United States and Drug Enforcement Admin.*, 74 F.3d 657, 659 (5th Cir. 1996).

4. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion, the court must accept well-pleaded facts as true, and view them in a light most favorable to the plaintiff. *Id.*; *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). A court will dismiss a complaint pursuant to Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *S. Christian Leadership Conference v. Supreme Court of the State of*

*Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001).

**B. Counterclaims under Federal Rule of Civil Procedure 13.**

5.     Federal Rule of Civil Procedure 13 defines two possible categories of counterclaims, compulsory and permissive. Fed. R. Civ. P. 13. A counterclaim is compulsory if it arises out of the transaction or occurrence that is the subject of the plaintiff's claim and if its adjudication does not require the presence of another party over whom the court cannot acquire jurisdiction. Fed. R. Civ. P. 13(a)(1); *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 755 (11th Cir. 2002). A compulsory counterclaim must be pleaded in the present suit; if not, the defendant is barred from asserting it in a later suit. Fed. R. Civ. P. 13; *Nippon Credit*, 291 F.3d at 755. Compulsory counterclaims arise out of the transaction or occurrence that is the subject matter of the opposing party's claim. *Id.* The Fifth Circuit applies the "logical relationship" test to determine if a counterclaim is compulsory. *Montgomery Elevator Co. v. Bldg. Eng'g Servs.*, 730 F.2d 377, 380 (5th Cir. 1984); *BNSF Ry. Co. v. United Transp. Union*, 462 F. Supp.2d 746, 755 (S.D. Tex. 2006). A claim and counterclaim have a logical relationship if "the counterclaim arises from the same 'aggregate of operative facts,'" or "the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979) (quoting *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 715 (5th Cir. 1970)).

6.     If a counterclaim is not compulsory, then it is permissive. Fed. R. Civ. P. 13. A permissive counterclaim is one that does not arise out of the transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(b). Still, the Court must have an independent jurisdictional basis over a permissive counterclaim in order to hear the counterclaim. *Plant*, 598 F.2d at 1359. Alternatively, a court may elect to exercise supplemental

jurisdiction under 28 U.S.C. § 1367 over the counterclaim. Section 1367 provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a court may decide not to exercise its powers of supplemental jurisdiction if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

## III.

## ARGUMENT AND AUTHORITIES

**A. X-Ray's Bad Faith Counterclaim Under 15 U.S.C. § 1692k(c) is to put Plaintiff on Notice of its Intent to Seek Attorney's Fees.**

7.     X-Ray asserted its bad faith counterclaim under 15 U.S.C. § 1692k(c) as notice that X-Ray intends to pursue its statutory remedy after adjudication of the primary claim. Further, the Court in this proceeding may dismiss X-Ray's bad faith counterclaim without prejudice to the defendant filing a later motion for attorney's fees. *Hardin v. Folger*, 704 F.Supp. 355, 357 (W.D. N.Y. 1988).

**B. X-Ray's Counterclaim on the Debt is Compulsory Because it is the Original Creditor to the Debt and Not Subject to the FDCPA, TDCA or DTPA.**

8.     Plaintiff argues that because "[Defendant's] claim is essentially a separate case, unrelated to Plaintiff's FDCPA claim" and therefore "the Court should dismiss [Defendant's] Second Counterclaim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction." However,

Plaintiff poses to the court a rare situation where a plaintiff has brought these actions against the original creditor of the underlying debt, rather than a "debt collector" who the statutes are directed towards.

9. As Plaintiff has pled "Defendant X-Ray Associates of New Mexico, P.C. ("X-Ray") is New Mexico Corporation and is a 'creditor' as defined by 15 U.S.C. § 1692a(4). A "creditor" is defined by the FDCPA as "any person who offers or extends credit creating a debt or to whom a debt is owed...." 15 U.S.C. § 1692a(4). Taking this statement in Plaintiff's pleading as true, X-Ray's only connection to this case is the establishment of a debt between itself and X-Ray. Under the FDCPA "debt" is defined as the following:

> Any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). Plaintiff bases his argument that a breach of contract claim is not compulsory because it is not logically related to a consumer rights claim citing to *Hurtado*, that "[a]ll courts to have considered the matter, however, have concluded that a debt counterclaim is distinct from and not logically related to a plaintiff's FDCPA claim based on improper debt collection practices." *Hurtado v. TAM Finance Corp.*, 2007 WL 1746884 at *2. However, Plaintiff's own petition does not allege X-Ray performed any debt collection practices, nor any improper debt collection practices for that matter. The only logical and factual basis that brought X-Ray into this lawsuit is the fact that it was the "creditor" as defined by the FDCPA. Therefore, the only circumstance bringing X-Ray to this litigation is the contract Plaintiff entered with X-Ray, creating the debt.

10. Turning to the "logical relationship" test used by the Fifth Circuit, the counterclaim on the underlying debt at hand arises from the same aggregate of operative facts and aggregate core

of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant. *Plant*, 598 F.2d at 1361 (5th Cir. 1979) (quoting *Revere Copper & Brass, Inc.*, 426 F.2d at 715. Because X-Ray is not a debt collector, its only logical relationship to this case is the contract/debt agreement entered into between itself and Plaintiff. Plaintiff does not allege X-Ray conducted any debt collection activities to support his argument that his consumer rights claim is separate from reasons X-Ray has been brought into this suit. Doc. 17. In Fact, the agreement creating the debt is the sole reason X-Ray is part of this claim, as evidenced by Plaintiff's petition, that it is the "creditor" under the FDCPA. Doc. 17 at 2. Because of this, X-Ray's counterclaim is compulsory under the "logical relationship" test administered by the Fifth Circuit, and should be heard by this Court.

**C. If the Court Finds the Counterclaim is Not Compulsory, the Court Should Exercise its Supplemental Jurisdiction over the Claims.**

11. "The supplemental jurisdiction statute, 28 U.S.C. § 1367, grants federal courts supplemental jurisdiction over claims over which no original jurisdiction exists." *Sparrow v. Mazda American Credit*, 385 F. Supp.2d 1063, 1066 (E.D. Cal. 2005). "Section 1367(a) grants supplemental jurisdiction over state law counterclaims 'that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Id.* "Section 1367 applies to state law claims brought by plaintiff as well as to counterclaims brought by a defendant." *Id.*

12. Plaintiff argues the *Sparrow* case which stated:

> To allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this. Moreover, it would involve this Court in questions of no federal significance. Given the remedial nature of the FDCPA "and the broad public policy which it serves, federal courts should be loath to become immersed in the debt collection suits of … the target of the very

legislation under which" a FDCPA plaintiff states a cause of action. 385 F. Supp.2d at 1070-71 (quoting *Roberts v. Nat'l Sch. Of Radio & Television Broadcasting*, 374 F.Supp. 1266, 1271 (N.D. Ga. 1974)). The *Sparrow* court went on to state "A major purpose of the FDCPA is to protect individuals from unfair debt collection practices regardless of whether the individual actually owes a debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) ("The [FDCPA] is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists.").

13. Plaintiff's suit is against the grain of what the *Sparrow* court addressed in that the FDCPA is meant to protect individuals from debt collection practices of **debt collectors**, and not original creditors who performed no debt collection activities. Further, the Court would in turn be applying the **chilling effect** to original creditors rather than debtors. As the FDCPA applies to debt collectors and **not** creditors, not allowing X-Ray's counterclaim would encourage plaintiff's to include innocent original creditors into these lawsuits, drive up their attorney's fees and costs, and possibly lead to an unjust out of court settlement.

14. A court may decide not to exercise its powers of supplemental jurisdiction if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). However, none of these four basis are present in this case. First, the counterclaim is not a novel or complex issue of state law as it is a common law breach of contract case. Second, the counterclaim does not substantially predominate over the claim or claims to which the Court has original jurisdiction. Third, the Court has not dismissed all claims against X-Ray over which it has

original jurisdiction. Last, there are no exceptional circumstances or compelling reasons present in this case for the Court to decline jurisdiction.

15. X-Ray asserts that this is a case where there are in fact exceptional circumstances and compelling reasons for the Court to exercise its supplemental jurisdiction. The FDCPA's provisions generally apply only to "debt collectors." *Pollice v. Nat'l Tax Funding L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) (citing *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000). Creditors—as opposed to "debt collectors—generally are not subject to the FDCPA. *Pollice*, 225 F.3d at 403 (citing *Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998). Except in certain specifically defined circumstances, creditors are not within the scope of the definition for debt collectors under the FDCPA and, therefore, cannot be held personally liable thereunder. *In re Howe*, 446 BR 159, 166 (Bankr. Ct. E.D. Penn. 2009). "[C]ourts have specifically held that an entity which does not meet the definition of "debt collector" cannot be held vicariously liable for unlawful collection actions taken on its behalf by an entity which is a 'debt collector'." *Id.* (citing *Wadlington v. Credit Acceptance Corporation*, 76 F.3d 103, 108 (6th Cir. 1996) (refusing to hold company which was not a debt collector under the FDCPA vicariously liable for actions of its attorney who was a debt collector under the act.); *Poltrock v. NJ Automotive Accounts Management Co., Inc.*, 2008 WL 5416396, at *3 (D. N.J. Dec. 22, 2008) (noting that courts declined to extend liability under the FDCPA to creditors who place debts in collection with a collection agency); *Flamm v. Sarner & Associates, P.C.*, 2002 WL 31618443, at *4 (E.D. Pa. Nov. 6, 2002) ("[A] creditor that does not itself meet the definition of a 'debt collector' is not vicariously liable [under the FDCPA]."

16. As Plaintiff is seeking enforcement of the FDCPA against an original creditor with no direct debt collection activities, X-Ray is now burdened by Plaintiff drawing it into a lawsuit to

which the FDCPA and TDCA does not apply based on Plaintiff's own Amended Complaint. *See* Doc. 17. For these reasons the Court should exercise its supplemental jurisdiction if it does not find the counterclaim compulsory.

## IV.

## **CONCLUSION**

17.     As X-Ray is the original creditor in this case and this being the sole reason for Plaintiff to add X-Ray as a party, the counterclaim for breach of contract is a compulsory counterclaim Under Fed. R. Civ. P. 13 which completely arises out of the transaction or occurrence that is the subject of Plaintiff's complaint against X-Ray. Furthermore, under the "logical relationship" test as used by the Fifth Circuit, the claim and counterclaim between X-Ray and Plaintiff arise from the same aggregate of operative facts. However, if the Court finds that the counterclaim is not compulsory, it should exercise its supplemental jurisdiction under 28 U.S.C. § 1367 because the claim is so related to Plaintiff's claims that they form part of the same case or controversy. Last, none of the four reasons for the court to decline exercising its supplemental jurisdiction are present in this case. 28 U.S.C. §1367(c). Rather, compelling reasons exist to exercise jurisdiction.

WHEREFORE PREMISES CONSIDERED, Defendant X-Ray Associates of New Mexico, P.C. respectfully requests this honorable Court to Deny Plaintiff's Motion to Dismiss its Counterclaims, and grant any other relief, whether at law or equity, justly entitled.

[Signature block on following page]

Respectfully submitted,

**ROBBIE MALONE, PLLC**

/s/ Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
XERXES MARTIN
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*COUNSEL FOR X-RAY ASSOCIATES*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via ECF on this 16th day of July, 2012 to:

Dennis R. Kurz
Weisberg & Meyers, LLC
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002

/s/Robbie Malone