# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY, III. | § § § | |
| V. | § § | CASE NO. 4:11-CV-488<br>Judge Clark/Judge Mazzant |
| AHF FINANCIAL SERVICES, LLC,<br>ALPHINE H. FREEMAN III, and<br>X-RAY ASSOCIATES OF NEW<br>MEXICO, P.C. | § § § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Thomas Whatley's Motion to Dismiss X-Ray Associates of New Mexico, P.C's Counterclaims (Dkt. #27). Having considered the relevant pleadings, the Court finds that the motion should be granted.

**Background and Procedural History**

On August 4, 2011, Plaintiff Thomas E. Whatley, III ("Whatley") filed a complaint against Defendants, AHF Financial Services, LLC ("AHF") and Alphine H. Freeman III. Plaintiff filed an amended complaint on April 26, 2012, to include Defendant X-Ray Associates of New Mexico, P.C. ("X-Ray"). Plaintiff sued all Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Texas Debt Collection Act, Chapter 392 ("TDCA"), and the Texas Business and Commerce Code, Subchapter E, Chapter 17 ("DTPA").

On June 11, 2012, Defendant X-Ray filed an Answer to the Amended Complaint and a Counterclaim against Plaintiff. Defendant asserts two counterclaims: (1) Defendant seeks recovery of its own reasonable costs and attorney's fees under 15 U.S.C. § 1692k(a)(3) and Texas Finance Code § 392.403(c) on the grounds that Plaintiff included X-Ray in this action in bad faith and for purposes of harassment; and (2) Defendant seeks recovery of the underlying debt related to Plaintiff's

claim in the amount of $591, plus interest and attorney's fees. On July 2, 2012, Plaintiff filed a Motion to Dismiss Defendant X-Ray's Counterclaim (Dkt. #27). On July 16, 2012, X-Ray filed a response (Dkt. #29). On July 26, 2012, Plaintiff filed a reply (Dkt. #31).

**Legal Standard**

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

(2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are

central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

A motion under Federal Rule of Civil Procedure 12(b)(1) should be granted only if it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of its claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). The Court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane,* 529 F.3d at 557 (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to Plaintiffs. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

**Analysis**

X-Ray's first counterclaim is for recovery of attorney's fees based on the alleged bad faith and harassment of Plaintiff. Plaintiff asserts that a counterclaim under § 1692k(a)(3) is not ripe until the merits of the case are adjudicated and is more appropriately brought as a motion. The Court agrees. Section 1692k does not provide an independent cause of action for the defendant to recover attorney's fees. Rather, the Fifth Circuit has found that recovery of attorney's fees under 15 U.S.C. §1692k is only available after the merits of the plaintiff's case have been adjudicated, and the defendant prevails. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir. 1985); *Allen v. Scott*, No.

3:10–CV–02005–F, 2011 WL 219568, at *2 (N.D. Tex. Jan. 19, 2011). Further, the "prevailing defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment." *Perry*, 756 F.2d at 1211; *Allen*, 2011 WL 219568, at *2. Accordingly, 15 U.S.C. §1692k contemplates a post-trial proceeding, following a judgment on the merits of a plaintiff's case; thus, Defendant's counterclaim is premature and legally insufficient, since 15 U.S.C. §1692k does not create an affirmative cause of action. *Allen*, 2011 WL 219568, at *2; *Coleman v. Credit Mgmt. LP*, Civil Action No. 3:10–CV–02312, 2011 WL 913210, at *1 (N.D. Tex. Mar. 16, 2011). Nothing here precludes Defendant from moving for attorney's fees if Defendant prevails on Plaintiff's FDCPA claim. *Id*. at 3. Moreover, Defendant does not oppose the dismissal of this counterclaim without prejudice. (Dkt. #29 at 4).

X-Ray's second counterclaim is for the underlying debt in the amount of $591. Plaintiff requests that the Court dismiss X-Ray's second counterclaim for lack of subject matter jurisdiction because X-Ray's second counterclaim does not arise under a federal statute, nor does it involve a federal question to receive jurisdiction under 28 U.S.C. § 1331. Plaintiff also asserts that while the parties are diverse, the amount in controversy does not exceed $75,000, such that 28 U.S.C. § 1332 would offer subject matter jurisdiction. Plaintiff asserts that the Court is left only with supplemental jurisdiction under 28 U.S.C. § 1367(a), but argues that X-Ray's claim is a separate claim unrelated to Plaintiff's FDCPA claim. X-Ray does not contest that there is no jurisdiction under 28 U.S.C. §§ 1331 and 1332. X-Ray asserts that this counterclaim is compulsory and, if not, the Court has supplemental jurisdiction.

A counterclaim is compulsory under Federal Rule of Civil Procedure 13(a) if it (1) arises out of the transaction or occurrence that is the subject matter or the opposing party's claim and (2) does not require adding another party over whom the court cannot acquire jurisdiction. The Fifth Circuit

5

asks the following four questions to determine whether a claim is compulsory: (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim. *Tank Insulation Int'l v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th Cir. 1997). The counterclaim is compulsory if the answer to any of the four questions is yes. If a counterclaim is compulsory, there is no need for an independent basis of jurisdiction. *Kuehne & Nagel (AG & Co.) v. Geosource, Inc.*, 874 F.2d 283, 291 (5th Cir. 1989); *Zurn Ind. Inc. v. Acton Constr. Co.*, 847 F.2d 234, 237 (5th Cir. 1988). It is established law that failure to plead a compulsory counterclaim bars that party from bringing a later independent action on that claim. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 882 (5th Cir. 1998) (citation omitted).

A claim for collection of the underlying debt would be "distinct from and not logically related to a plaintiff's FDCPA claim" which arises from allegations of improper debt collection practices. *See Hurtado v. TAM Fin. Corp.*, No. EP-07-CA-065-FM, 2007 WL 1746884, at *2 (W.D. Tex. June 5, 2007). However, X-Ray asserts that its counterclaim is compulsory because it is the original creditor to the debt and not subject to the FDCPA, TDCA, or the DTPA, which distinguishes itself from the facts of *Hurtado*. However, examination of the pleadings demonstrates that Plaintiff asserts that any liability against X-Ray stems not from any alleged agreement with Plaintiff, but from the principal-agent relationship with Defendant AHF. Plaintiff only asserts that X-Ray is vicariously liable for AHF's alleged violative collection actions. Thus, the Court agrees with the reasoning in *Hurtado* and that X-Ray's status as an original creditor does not change the logical relationship analysis, as the breach of contract claim has no bearing or impact on Plaintiff's claims. X-Ray would

not be barred from asserting the breach of contract claim in a later suit in state court. Thus, the counterclaim for collection of the debt is a permissive counterclaim.

Since there is no independent basis for subject matter jurisdiction, the Court must determine whether to exercise its supplemental jurisdiction. The Court declines X-Ray's request to exercise supplemental jurisdiction over this counterclaim. The Court rejects X-Ray's argument that because it is a original creditor, it should be allowed to proceed because Plaintiff's asserted claims do not directly involve the issue of the debt, but rather whether X-Ray is vicariously liable for the conduct of AHF. X-Ray may file a suit in state court to enforce its breach of contract rights. Thus, the Court finds X-Ray's counterclaim to be permissive and will recommend the claim for the underlying debt in the amount of $591 should be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

It is recommended that Plaintiff Thomas Whatley's Motion to Dismiss X-Ray Associates of New Mexico, P.C's Counterclaims (Dkt. #27) be GRANTED and the counterclaims be DISMISSED without prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 16th day of August, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE