IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY, III, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-488 |
| | § | Judge Clark/Judge Mazzant |
| AHF FINANCIAL SERVICES, LLC, | § | |
| ALPHINE H. FREEMAN III, and | § | |
| X-RAY ASSOCIATES OF NEW | § | |
| MEXICO, P.C., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 16, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff Thomas Whatley's Motion to Dismiss X-Ray Associates of New Mexico, P.C's Counterclaims [Dkt. #27] be granted. On August 30, 2012, Defendant X-Ray Associates of New Mexico, P.C. ("X-Ray"), filed objections. X-Ray only objects to the recommendation of granting X-Ray's breach of contract counterclaim. X-Ray asserts that it should be able to bring its counterclaim on the underlying debt against Plaintiff. X-Ray asserts that in order for Plaintiff to recover on his claims, he must prove standing under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Texas Debt Collection Act, Chapter 392 ("TDCA"), and the Texas Business and Commerce Code, Subchapter E, Chapter 17 ("DTPA").

The Magistrate Judge found that X-Ray's status as an original creditor does not change the

logical relationship analysis, because the breach of contract claim has no bearing or impact on Plaintiff's claims. The court agrees. The only basis for liability against X-Ray asserted by Plaintiff is based upon the agreement between X-Ray and its alleged agent Defendant, AHF Financial Services, LLC ("AHF"). Whether a consumer is liable for the underlying debt that a debt collector is attempting to collect is irrelevant to whether the debt collector is liable for conduct that violates the FDCPA or the TDCA. Plaintiff's only claims against X-Ray are based upon his theory that X-Ray can be liable for conduct of AHF. X-Ray does not cite the court to any authority that supports its position. Although the court in *Hurtado v. TAM Fin. Corp.*, No. EP-07-CA-065-FM, 2007 WL 1746884 (W.D. Tex. June 5, 2007) noted that the Fifth Circuit has not addressed this issue of whether the counterclaim for the underlying debt would be a compulsory counterclaim, the court noted that every court that has addressed the issue concluded that the debt counterclaim is distinct from and not logically related to the FDCPA claim based upon improper debt collection practices. *See Hurtado*, 2007 WL 1746884, at *2 n.14. The Magistrate Judge agreed with the reasoning in *Hurtado*. The court finds no error, and adopts the reasoning of the Magistrate Judge. Although X-Ray, at the end of its objections, asserts that if the counterclaim is permissible the court should exercise its supplemental jurisdiction, X-Ray fails to object to the Magistrate Judge's recommendation that the court decline exercising its supplemental jurisdiction. The court agrees and declines to exercise supplemental jurisdiction over the counterclaim for the underlying debt.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by defendant [Doc. #41], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Plaintiff Thomas Whatley's Motion to Dismiss X-Ray Associates of New Mexico, P.C's Counterclaims [Dkt. #27] is GRANTED, and the counterclaims are DISMISSED without prejudice.

So **ORDERED** and **SIGNED** this **14** day of **September, 2012.**

_____
Ron Clark, United States District Judge