UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY, III, | § | |
|     Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 4:11-CV-00488 |
| | § | |
| AHF FINANCIAL SERVICES, LLC, | § | |
| ALPHINE H. FREEMAN III, AND | § | |
| X-RAY ASSOCIATES OF NEW | § | |
| MEXICO, P.C. | § | |
|     Defendants. | § | |

### DEFENDANT X-RAY ASSOCIATES OF NEW MEXICO, P.C.'S MOTION TO COMPEL DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant X-Ray Associates of New Mexico, P.C. ("X-Ray" herein) and files its Motion to Compel Discovery to show unto the Court as follows:

**I.**

**FACTUAL BACKGROUND**

1. On or about March 19, 2010, Plaintiff received medical services from X-Ray to which created the underlying debt. Docket Entry ("Doc.") 17 at 4. This lawsuit that subsequently followed was filed August 4, 2011. Doc. 1. X-Ray was not an original party to the lawsuit. *Id*. X-Ray was then added as a party into this lawsuit on April 26, 2012. Doc. 17. In Plaintiff's Amended Complaint, he alleges that X-Ray is a "creditor" as defined by 15 U.S.C. § 1692a(4). *Id*. at 2. Plaintiff further alleges that "[a]s a result of the principal-agent relationship, AHF is vicariously liable for the acts of X-Ray.[1] *Id*. Throughout the remainder of Plaintiff's Amended Complaint, he alleges violations of the FDCPA and TDCA were committed by AHF and Alphine

---

[1] X-Ray assumes based on the facts pled that Plaintiff intends to mean X-Ray is vicariously liable for the acts of AHF.

**DEFENDANT X-RAY ASSOCIATES OF NEW MEXICO, P.C.'S MOTION TO COMPEL DISCOVERY - Page 1**
Z:\215.0000 X-Ray Associates of NM, PC\215.0001 Thomas Whatley v X-Ray Associates of New Mexico, P.C\Pleadings\215.0001.MTC.docx

H. Freeman, not X-Ray, and that X-Ray is only liable through a principal-agent relationship between AHF and X-Ray, making X-Ray vicariously liable. Doc. 17 at 6-13.

2.   X-Ray served Defendant with its written discovery requests and received Plaintiff's responses to the discovery on August 1, 2012. Plaintiff's responses however contain many boilerplate objections, avoids answering any requests on his claims stating he does not allege X-Ray violated provisions of the Acts, incorrectly asserts attorney-client privilege regarding actual damages and attorney's fees, and refers to produced documents with no specificity to which documents are responsive or what those documents establish. X-Ray now files this Motion to Compel proper responses. Def. App. at 1-59.

## II.

## ARGUMENT AND AUTHORITIES

**A. Plaintiff has Improperly Responded to Defendant's First Set of Interrogatories.**

3.   Each interrogatory must be answered fully. *See* FRCP 33(b)(3).  An evasive or incomplete answer may be treated as a failure to answer, possibly subjecting the party to sanctions.  FRCP 37(a)(4), (d)(1)(A)(ii); *see* FRCP 37(a)(3)(B)(iii).

4.   An objection to an interrogatory must be stated with specificity. *See* FRCP 33(b)(4); *Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 398 (E.D. Pa. 1991).  The objecting party must justify its objections. *See Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 105 (D. N.J. 1989; *Chubb Integrated Sys. V. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D. D.C. 1984) (objecting party must specifically show how interrogatory is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence that reveals nature of burden).  A party cannot simply invoke the familiar litany of boilerplate or general interrogatory objections (i.e., privileged, beyond the scope of discovery, and not calculated to lead to admissible evidence.

*Walker v. Lakewood Condo. Owners* Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Puricelli*, 136 F.R.D. at 396. General objections asserted without specific support may be waived. *Puricelli*, 136 F.R.D. at 396.

1. *Plaintiff's General Objections*

5.     Plaintiff leads off by contradicting *Walker* and *Puricelli* by starting his Responses to Defendant's First Set of Interrogatories with seven (7) "General Objections". See Def. App. at 38. These objections clearly violate both the case law in *Walker* and *Puricelli* as well as FRCP 33(b)(2) and (4). First, Plaintiff fails to meet the specificity requirements for objections with each of his general objections. By listing general objections he does not specify which Interrogatories they pertain to, what rules he intends to apply, nor any grounds for his objections. Furthermore, Plaintiff also fails to justify his objections. Merely stating vague, generalized objections meant to apply to each Interrogatory does not justify his objections. Plaintiff does not even cite to specific Federal or Local Rules for his objections. Plaintiff's objections are also waived under *Puricelli* for their general nature and lack of specific support. *See Puricelli*, 136 F.R.D. at 396.

1. *Plaintiff's Specific Objections*

6.     Plaintiff should be compelled to answer each Interrogatory fully as required by FRCP 33(b)(3). An evasive or incomplete answer may be treated as a failure to answer, possibly subjecting the party to sanctions. FRCP 37(a)(4), (d)(1)(A)(ii); *See* FRCP 37(a)(3)(B)(iii); *Wilson v. Bradlees, Inc.* 250 F.3d 10, 19 n. 18 (1st Cir. 2001).

      *a. Plaintiff Completely Avoids Answering the Following Interrogatories.*

7.     Plaintiff has failed to provide an adequate response to the following interrogatories:

**Interrogatory No. 2:** Identify specifically any and all documents, photographs, audiotapes, records or reports in your custody or under your control which support your claims that Defendant violated § 1692e(5) of the FDCPA, by threatening to take an action that could not be legally taken or that it did not intend to take, as alleged in Plaintiff's Original Petition.

**Answer:** Objection. Plaintiff has not alleged that X-Ray violated § 1692e(5) by threatening to take an action that could not legally be taken or that it did not intent to take. Rather, Plaintiff alleged that X-Ray is liable for AHF's actions. Subject to this objection, Plaintiff states: see Voicemail Recording (bates#000001) and Correspondence (bates#000002-000041).

**Interrogatory No. 3:** Identify specifically any and all documents, photographs, audiotapes, records or reports in your custody or under your control which support your claims that defendant violated § 1692e(10) of the FDCPA, by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff, as alleged in Plaintiff's Original Petition.

**Answer:** [same as **Interrogatory No. 2** with applicable FDCPA section]

**Interrogatory No. 4:** Identify specifically any and all documents, photographs, audiotapes, records or reports in your custody or under your control which support your claims that defendant violated § 1692e(14) of the FDCPA, by using a business, company, or organization name other than the true name of its business, company or organization, as alleged in Plaintiff's Original Petition.

**Answer:** [same as **Interrogatory No. 2** with applicable FDCPA section]

**Interrogatory No. 5:** Identify specifically any and all documents, photographs, audiotapes, records or reports in your custody or under your control which support your claims that defendant violated § 169g(a) of the FDCPA by failing to provide Plaintiff with the validation notices in the initial communication or within five days thereof, as alleged in Plaintiff's Original Petition.

**Answer:** [same as **Interrogatory No. 2** with applicable FDCPA section]

**Interrogatory No. 6:** Identify specifically any and all documents, photographs, audiotapes, records or reports in your custody or under your control which support your claims that Defendant violated TEX. FIN. CODE § 392.304(a)(6), by using a written communication that fails to identify clearly its name, street address or post office box and phone number, as alleged in Plaintiff's Original Petition.

**Answer:** [same as **Interrogatory No. 2** with applicable Tex. Fin. Code section]

**Interrogatory No. 7:** Identify specifically any and all documents, photographs, audiotapes, records or reports in your custody or under your control which support your claims that Defendant violated TEX. FIN. CODE § 392.304(a)(19), by using false representation or deceptive means to collect a debt or obtain information concerning Plaintiff, as alleged in Plaintiff's Original Petition.

**Answer:** [same as **Interrogatory No. 2** with applicable Tex. Fin. Code section]

**Interrogatory No. 8:** Identify specifically any and all documents, photographs, audiotapes, records or reports in your custody or under your control which support your claims that Defendant violated the Texas Debt Collection Act, as alleged in Plaintiff's Original Petition.

**Answer:** [same as **Interrogatory No. 2** referencing Texas Debt Collection Act]

**Interrogatory No. 11:** Please describe all telephone conversations Plaintiff had with Defendant which supports Plaintiff's allegations that Defendant violated TEX. FIN. CODE § 392.304(a)(6), by failing using false representations or deceptive means to collect a debt or obtain information concerning Plaintiff, as alleged in Plaintiff's Original Petition.

**Answer:** [same as **Interrogatory No. 2** with applicable Tex. Fin. Code section]

Def. App. 3-5. Plaintiff should be required to identify the documents and any other items requested in Interrogatories 2, 3, 4, 5, 6, 7, 8, and 11 without objection.  Plaintiff essentially alleges X-Ray did nothing.  Plaintiff fails to object to each Interrogatory with specificity as required by FRCP 33(b)(4) and merely states that he does not allege X-Ray violated any applicable statutes and is instead only liable because of acts committed by AHF. This avoidance and distraction are only evasive tactics of avoiding discovery all together.  Then simply referring to all produced discovery with no basis for how the entire set of documents evidences any violations of the FDCPA or TDCA, no specificity as to what documents pertain to any particular interrogatory, and no description as to how anything reflects why X-Ray should be held vicariously liable for the alleged actions of AHF. Plaintiff's responses can only be construed as a complete avoidance of the discovery process, and a disregard to judicial economy. Plaintiff must be compelled to properly answer these interrogatories and without objection.
**DEFENDANT X-RAY ASSOCIATES OF NEW MEXICO, P.C.'S MOTION TO COMPEL DISCOVERY - Page 5**
Z:\215.0000 X-Ray Associates of NM, PC\215.0001 Thomas Whatley v X-Ray Associates of New Mexico, P.C\Pleadings\215.0001.MTC.docx

*b. Plaintiff is Required to Answer Discovery Regarding Actual Damages.*

8.   X-Ray also objects to the following answers Plaintiff has supplied to the discovery requests:

**Interrogatory No. 10:** State the nature of your actual damages.

**Answer:** Objection. This Interrogatory requests information that is protected by the attorney-client privilege and trial preparation privilege. Subject to these objections, Plaintiff states: Plaintiff has health problems which may have been exacerbated the actions alleged in Plaintiff's complaint. Plaintiff reserves the right to supplement this response.

**Interrogatory No. 15:** Identify specifically any and all documents, photographs, audiotapes, records or reports in your custody or under your control which support your claim that you have suffered actual damages.

**Answer:** Objection. This Interrogatory requests information that is protected by the attorney-client privilege and trial-preparation privilege. Subject to these objections, Plaintiff states: Plaintiff has health problems which may have been exacerbated the actions alleged in Plaintiff's complaint. Plaintiff reserves the right to supplement this response.

**Interrogatory No. 18:** Identify specifically any and all present and former doctors for Plaintiff within the last five (5) years.

**Answer:** Objection. This interrogatory is overly broad and unduly burdensome, as this information is not likely to lead to the discovery of admissible evidence. Furthermore, it is premature at this time.

<u>Def. App.</u> 5-6. Plaintiff should be required to identify the documents and any other items requested in Interrogatories 10, 15, and 18 without objection. Plaintiff provides mere boiler plate objections to these Interrogatories. Plaintiff fails to object to each Interrogatory with specificity as required by FRCP 33(b)(4) and merely lists inapplicable objections and assertion of privileges in an evasive tactic of avoiding more relevant and admissible discovery.

9. Plaintiff has pled he has suffered actual damages in this case and is attempting to recover for them. Doc. 17. In interrogatory responses to 10 and 15 Plaintiff states he "has health problems which may have been exacerbated the actions alleged in Plaintiff's complaint". Def. App. at 5-6. Due to Plaintiff seeking actual damages, which includes health related claims, RAB is entitled to pursue these records, as well as present and former doctors' information in preparation of defending these allegations, requested in interrogatory 18.  In addition to claims for actual damages, RAB has pled affirmative defenses that Plaintiff's damages, if any, are the result of a preexisting condition, that Plaintiff failed to mitigate his damages, if any, and Plaintiff's damages, if any, are the result of actions of third parties over whom this RAB has no control. *See* Doc. 6 at 3.  Following these affirmative defenses, RAB is entitled to pursue these defenses and therefore Plaintiff's current and former doctor's information is necessary to assist in defending these allegations. Plaintiff also attempts to assert attorney-client privilege and trial preparation regarding the answers. This however is inapplicable to the request. If this were filed in state court, Plaintiff would be required to answer this in his initial disclosures. Furthermore Plaintiff is required to prove damages at trial which is based on information well within his personal knowledge, not his attorney's, and would only result in trial by ambush. RAB asks the court to compel Plaintiff to properly answer these interrogatories.

    c. Plaintiff Should be Compelled to Produce Any Discovery Produced to Other Parties.

10. Last, X-Ray also objects to Interrogatory 12:

**Interrogatory No. 12:** Identify all documents which you have been requested to produce in any request for production, propounded upon you in this case, which are no longer in your possession, custody, or control.

**Answer:** Objection. This request is overly broad and unduly burdensome, as Defendant has propounded numerous blanket requests for any and all documents pertaining to a variety of subject matters.

**DEFENDANT X-RAY ASSOCIATES OF NEW MEXICO, P.C.'S MOTION TO COMPEL DISCOVERY - Page 7**
Z:\215.0000 X-Ray Associates of NM, PC\215.0001 Thomas Whatley v X-Ray Associates of New Mexico, P.C\Pleadings\215.0001.MTC.docx

Def. App. at 5. In Interrogatory 12 X-Ray request descriptions of any produced items to other parties in this lawsuit which are no longer in Plaintiff's possession, custody, or control. *Id*. Plaintiff however objects that this is overly broad and unduly burdensome and that the request is a blanket request pertaining to any subject matter. *Id*. These are also groundless objections by Plaintiff. The interrogatory clearly requests identity of specific documents which should be readily ascertainable by Plaintiff. The interrogatory is specific to be narrowed to any possible documents produced by Plaintiff, which Plaintiff no longer has in his possession. As there is a Co-Defendant in this case, AHF, documents would fall under this description which were produced to AHF's requests for production. Plaintiff should be compelled by this Court to properly answer this narrowly tailored interrogatory.

**B. Plaintiff has Improperly Responded to X-Ray's Requests for Production.**

11.     A party may serve on any other party a request to produce any designated documents, electronically stored information, or tangible things in the responding party's possession, custody, or control for inspection, copying, testing, or sampling. *See* FRCP 34(a)(1); *Wilson v. City of Zanesville*, 954 F.2d 349, 352-53 (6th Cir. 1992); *Japan Halon Co. v. Great Lakes Chem. Corp.*, 155 F.R.D. 626, 626 n.1 (N.D. Ind. 1993). A party may seek production of any document, electronically stored information, or tangible thing within the scope of FRCP 26(b)—that is, anything relevant and not privileged. *See* FRCP 34(a)(1); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996). The requesting party must ask the court to compel production if the responding party objects to a request, does not respond to a request, or does not permit inspection as requested. *See* FRCP 37(a)(3)(B)(iv); *GFI Computer Indus. v. Fry*, 476 F.2d 1,3 (5th Cir. 1973).

12.     If the responding party does not plan to comply, it must state the objection and include

the reasons. FRCP 34(b)(2)(B); *see Gile v. United Airlines, Inc.* 95 F.3d 492, 495; *Kansas-Neb. Nat. Gas Co. v. Marathon Oil Co.*, 109 F.R.D. 12, 24 (D. Neb. 1985). If a party objects to part of a request, the objection must specify the objectionable part, and the party must produce the remaining parts not specifically covered by the objection. FRCP 34(b)(2)(C); *see Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 541 (10th Cir. 1984). A party asserting an objection has the burden of establishing its claim of privilege or protection; a blanket assertion is inadequate. *Biliske v. American Live Stock Ins. Co.*, 73 F.R.D. 124, 126 (W.D. Okla. 1977).

1. *Plaintiff's General Objections*

13.  As stated in *Biliske*, Plaintiff is required to establish the reasoning for its objections and a blanket assertion is inadequate. *Id*. Again, Plaintiff immediately contradicts this relevant case law while also completely disregarding FRCP 34(b)(2) by starting his Responses to Defendant's Request for Production of Documents to Plaintiff with the previously addressed seven (7) "General Objections" at the beginning of his responses to all discovery. *See* Def. App. at 2. Under FRCP 34(b)(2) Plaintiff is required to *respond to each item or category* stating the objection to the request and the reason for the objection.

14.  Similar to the general objections in Plaintiff's Interrogatory responses, these objections also clearly violate the case law in *Biliske* as well as FRCP 34(b)(2)(B). Plaintiff again fails to respond to each Request for Production as required by FRCP 34(b)(2)(B) with his general objections. By listing general objections he does not specify which Requests for Production they pertain to, what rules he intends to apply, nor any grounds for his objections. Plaintiff's objections are also waived under *Puricelli* for their general nature and lack of specific support. *See Puricelli*, 136 F.R.D. at 396.

2. *Plaintiff's Specific Objections*

**Request for Production No. 16:** Produce all documents reflecting attorney's fees, costs, fee agreements, engagement letters, billing records and/or invoices from the attorneys representing you in this case, for which you are seeking compensation.

**Response**: Objection. This information is protected by the attorney-client privilege.

A similar Request for Production is made later:

**Request for Production No. 21:** Produce all documents reflecting attorneys fees, costs, fee agreements, engagement letters, billing records and/or invoices, from the attorneys representing you.

**Response:** [See response to request No. 16.]

15. Plaintiff should be required to disclose these documents and information in the discovery process. Documents reflecting the attorney's fees and costs are highly relevant and a request is not premature at this time. Relevance is a broad standard according to the Federal Rules of Civil Procedure, which state that discovery is permissible "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. Pro. 26(b)(1). This is confirmed by the courts, who explain that all "information which is relevant to the subject matter of the pending litigation but not specifically within the scope of the issues pleaded may be discovered." *Carlson Companies, Inc. v. Sperry & Hutchinson Co.*, 374 F.Supp. 1080, 1103 (D.C. Minn. 1974). That subject matter includes any "claim or defense" raised in the litigation. Fed. R. Civ. Pro. 26(b)(1). Even when information is beyond the parties' claims or defenses, it may still be considered relevant to the case's subject matter. *In re Sealed Case*, 381 F.3d 1205, 1214-15 (D.C. Cir. 2004).

16. This same issue has been addressed in the recent case of *Coleman v. Credit Management LP*, Civil Action No. 3:10-CV-02312-M-BK, United States District Court, Northern District of Texas. [Courtesy copy attached Def. App. at 57]. In this case, which is very similar to the case at

hand, Judge Toliver granted the defendant's motion to compel attorney's fees to "promote settlement and encourage a just, speedy, and inexpensive determination because Defendant will be able to assess its potential liability in the case that Plaintiff prevails". *Id*. at 59. The same should be ordered here.

17. Plaintiff is requesting costs of litigation and reasonable attorney's fees in his complaint. This information is relevant to Defendant so that he knows how much he could potentially owe. It is Plaintiff's burden to prove that the attorney client privilege she claims outweighs the relevancy of these documents. Plaintiff should be compelled to produce these agreements without objection.

18. According to the case law discussed *supra*, Defendant is entitled to the amounts of the incurred attorney's fees and costs, and not postpone this discoverable information until post-judgment. Defendant now asks this Court to compel the proper information from Plaintiff in discovery.

**Request for Production No. 22:** Produce copies of all documents in your possession from all present and former doctors seen within the last five (5) years.

**Response:** Plaintiff objects to this request as overbroad, unduly burdensome, an invasion of Plaintiff's privacy, and not reasonably calculated to lead to the discovery of admissible evidence.

Def. App. at 11. In Plaintiff's Amended Complaint, he seeks relief of actual damages under the FDCPA, TDCPA, the DTPA, and the TCPA. *See* Doc. 17. Due to Plaintiff seeking actual damages, which includes health related claims, X-Ray is entitled to pursue these records in preparation of defending these allegations. Due to the damages Plaintiff seeks, X-Ray is entitled to discovery on all health issues Plaintiff has had in the last five years. Without production of this information, X-Ray will be unfairly prejudiced in its preparation for defending against Plaintiff's claims, and further will be prevented from obtaining relevant and necessary information in

asserting its affirmative defenses. X-Ray asks this Court to compel the production of these documents.

**C. Plaintiff has Improperly Responded to X-Ray's Requests for Admissions.**

19. The main purpose of requests for admissions is to simplify trials by eliminating matters about which there is no real controversy. *See Gluck v. Ansett Austl. Ltd.*, 204 F.R.D. 217, 218 (D. D.C. 2001). The scope of discovery by requests for admission is governed by Fed. R. Civ. P. 26(b)(1). *See* Fed. R. Civ. P. 36(a)(1); *United States v. One Tract of Real Prop.*, 95 F.3d 422, 427 (6th Cir. 1996) (party may seek admission of any relevant matter). Requests for admission may be used to request that a party admit the truth of matters relating to (1) facts, the application of law to facts, or opinions about either, and (2) the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1); *see Gluck*, 204 F.R.D. at 218-19. A responding party should admit relevant matters of fact or opinion that are true. *See* Fed. R. Civ. P. 36(a)(4). When an answer does not comply with Fed. R. Civ. P. 36, the request may be deemed admitted. Fed. R. Civ. P. 36(a)(6); *see Southern Ry. v. Crosby*, 201 F.2d 878, 880 (4th Cir. 1953).

20. Objections must be specific, and the grounds for them must be stated. FRCP 36(a)(5). If an objection is not justifiable, the court must order that an answer be served. FRCP 36(a)(6). If the responding party does not provide a sufficient response, the requesting party may move to determine the sufficiency of the responding party's answers or objections. *See* Fed. R. Civ. P. 36(a)(6); *Apex Oil Co. v. Belcher Co.*, 855 F.2d 1009, 1015 (2d Cir. 1988).

21. X-Ray objects to the following responses from Plaintiff:

**Request For Admission No. 14:** Admit that you owe the debt.

**Response:** Objection. This request is not relevant to the allegations in Plaintiff's complaint.

**Request For Admission No. 31:** Admit that you did not record telephone conversations between yourself and Defendant X-Ray Associates of New Mexico, PC's employees.

**Response:** Objection. This request is not relevant to the allegations in Plaintiff's complaint.

**Request For Admission No. 33:** Admit that you received treatment at Gerald Champion Regional Medical Center.

**Response:** Objection. This request is not relevant to the allegations in Plaintiff's complaint.

**Request For Admission No. 34:** Admit that the bill incurred for your treatment at Gerald Champion Regional Medical Center was in the amount of $907.

**Response:** Objection. This request is not relevant to the allegations in Plaintiff's complaint.

**Request For Admission No. 35:** Admit that the total amount of the debt is based on five (5) separate accounts to which Plaintiff incurred costs for treatment.

**Response:** Objection. This request is not relevant to the allegations in Plaintiff's complaint.

**Request For Admission No. 36:** Admit that you made a total of $316.00 in payments on the debt incurred for treatment.

**Response:** Objection. This request is not relevant to the allegations in Plaintiff's complaint.

**Request For Admission No. 37:** Admit that you $591.00 remains to be paid on the debt incurred for treatment.

**Response:** Objection. This request is not relevant to the allegations in Plaintiff's complaint.

Def. App. at 13; 16-17 . For each of the above requests for admission, Plaintiff simply objects and states that the request "is not relevant to the allegations in Plaintiff's complaint." *Id*. This lawsuit was filed alleging causes of action spawning from the federal and state acts on consumer debts and collection of them.

22.     The existence, amount and other information regarding the debt is inherently relevant in this case and particularly as to why X-Ray is a party to this case. Plaintiff's theory of including

X-Ray in this lawsuit is based on an alleged principal-agency relationship and X-Ray being the original creditor of the "debt". <u>Doc. 17</u> at 2. While X-Ray performed no collection activities as apparent from Plaintiff's discovery responses, the only relevance of X-Ray in this lawsuit is the existence of a "debt" and X-Ray being the original "creditor" of that debt. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction… for personal family or household purposes…." 15 U.S.C. § 1692a(6). As this lawsuit arises out of the collection of a debt from Plaintiff, Plaintiff wishes to proceed through this litigation as if there was no debt or alleged debt, and look at collection activities in a vacuum, which is unfairly prejudicial, biased, and illogical to the facts at hand. Plaintiff must be compelled to provide proper responses to these requests for admission and without objection.

### III.

### <u>CONCLUSION</u>

23. Plaintiff and his counsel are avoiding the guidelines provided by the Federal Rules of Civil Procedure and the discovery process. X-Ray is entitled to interrogatory responses regarding factual allegations giving rise to this litigation and how it involves X-Ray rather than boilerplate objections and the mere statement that X-Ray is liable for AHF's actions, which the actions are not even described. Furthermore, on Plaintiff's responses to interrogatories and requests for production, where Plaintiff does provide a response, he only points to 41 documents produced with no specificity as to how they are related to the interrogatories asked and the claims each allegedly supports.

24. Last, on the issue with attorney's fees, fee arrangements, medical records and doctors, Plaintiff is required to produce all relevant information and documents on these issues, identical issues which have taken the Court's intervention before with Plaintiff's counsel.[2]

WHEREFORE, PREMISES CONSIDERED, Defendant X-Ray Associates of New Mexico, P.C., respectfully request that this Motion to Compel be granted in its entirety and for such other and further relief, at law and in equity, to which X-Ray may show itself justly entitled.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

/s/ Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
XERXES MARTIN
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*COUNSEL FOR DEFENDANT*

---

[2] See order on defendant Regional Adjustment Bureau, Inc.'s Motion to Compel in *White v. Regional Adjustment Bureau, Inc. d/b/a RAB, Inc.* No. 3-11-CV-1817-B (N.D. Tex. Feb. 22, 2012). Def. App. at 60-63. Plaintiff in *White* is represented by the same counsel as Mr. Whatley.

**DEFENDANT X-RAY ASSOCIATES OF NEW MEXICO, P.C.'S MOTION TO COMPEL DISCOVERY - Page 15**

Z:\215.0000 X-Ray Associates of NM, PC\215.0001 Thomas Whatley v X-Ray Associates of New Mexico, P.C\Pleadings\215.0001.MTC.docx

**CERTIFICATE OF CONFERENCE**

Defendant's counsel faxed a letter with Motion on August 22, 2012 requesting a time to discuss the motion. Defendant's counsel then sent follow-up email and left a voicemail on August 24, 2012 requesting conference. On August 28, 2012, counsel spoke with Noah Radbil regarding the Motion to Compel after he had been provided a copy. Plaintiff's counsel indicated he would provide an update with the attorneys' fees related requests and serve amended responses by September 12 and if he did not he was standing by his objections. *See* Def. App. at 64. Plaintiff's counsel did not do either.

/s/Robbie Malone

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded via electronic filing on this 17th day of September, 2012 to:

Noah Radbil
Weisberg & Meyers, LLC
Two Allen Center
1200 Smith Street, 16th Floor
Houston, TX 77002

/s/Robbie Malone