\*\*NOT FOR PRINTED PUBLICATION\*\*
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THOMAS E. WHATLEY, III § § *Plaintiff*, § § v. § § AHF FINANCIAL SERVICES, LLC, § ALPHINE H. FREEMAN III, and X-RAY § ASSOCIATES OF NEW MEXICO, P.C. § § *Defendants*. § | CASE NO. 4:11-CV-488 |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## <u>OF UNITED STATES MAGISTRATE JUDGE</u>

On February 8, 2013, the report of the Magistrate Judge was entered containing the recommendation that plaintiff's Motion for Summary Judgment [Doc. #47] be denied and defendant AHF Financial Services, LLC ("AHF") and Alphine H. Freeman, III's ("Freeman") Motion for Summary Judgment [Doc. #48] be granted. Plaintiff filed his objections to the report and recommendation [Doc. #131][1]. After careful consideration, the court concludes plaintiff's objections are without merit and are, therefore, overruled.

Plaintiff begins his objections by providing the court with a lengthy six page procedural history of this case. In particular, plaintiff directs the court to a September 17, 2012 Report and Recommendation which recommended defendant X-Ray's motion to dismiss plaintiff's Texas Debt Collection Act ("TDCA") claim be denied. [Doc. # 45]. This court subsequently adopted the Magistrate Judge's September 17, 2012 recommendation. [Doc. # 79]. Plaintiff apparently

---

[1] Plaintiff filed his objections one day past the deadline. Nevertheless, the court will consider the substance of his objections.

argues that by finding plaintiff pled a plausible claim for violation of the TDCA against X-Ray but later recommending dismissal of the claim on summary judgment, the Magistrate Judge issued inconsistent recommendations. To the extent plaintiff makes this argument, the court rejects it. Simply because a plaintiff pleads a plausible claim for relief to survive a Rule 12(b)(6) motion, does not mean that a defendant cannot prevail at the summary judgment stage.

On December 17, 2012, the Magistrate Judge issued a report and recommendation [Doc. #85] that recommended dismissal of all claims (including plaintiff's TDCA claims) against all defendants, except for plaintiff's claims against AHF and Freeman arising under the Federal Debt Collection Practices Act ("FDCPA"). Plaintiff, AHF, and Freeman filed objections to the report and recommendation [Doc. #88; Doc. #89].[2] After considering the objections of both plaintiff and defendants, the Magistrate Judge partially withdrew his report and recommendation as to the motions by plaintiff and defendants AHF and Freeman, and ordered the parties to file supplemental briefing addressing the issue of whether the debt was in default at the time it was received by AHF [Doc. #101]. The parties filed their briefs and responses [Docs. #103, #104, #108, #109[3]]. After considering all of the parties' briefing, the Magistrate Judge entered his report and recommendation [Doc. #120].

Plaintiff first objects that "the Magistrate Judge erred in recommending the dismissal of plaintiff's TDCA claims against all defendants after expressly finding that AHF violated section 392.304(A)(6) and section 392.304(A)(19) as a matter of law." The Magistrate Judge found that plaintiff failed to prove that he suffered actual damages as a result of the conduct of AHF.

---

[2] Plaintiff filed an opposed motion for extension of time to January 17, 2013, to file written objections to the report and recommendation [Doc. #86]. This motion was denied on January 4, 2013, and plaintiff filed his objections on that same day. Despite the fact that the objections were untimely filed, the Magistrate Judge elected to consider the substance of the objections [*See* Doc. #101].

[3] Plaintiff's reply to defendants' amended supplemental brief [Doc. #109] was also filed late. The Magistrate Judge ordered this reply to be filed no later than February 4, 2013, by 5:00 pm. This document was filed on February 4, 2013, at 7:18 pm. The court notes all of these late filing issues to demonstrate that plaintiff has been given every opportunity to fully brief the issues in this case and provide evidence when necessary in support of his claims.

Plaintiff had complained that AHF failed to include its name and street address on the letter, and that plaintiff was confused regarding which entity was contacting him to collect the debt [Doc. #85 at 8; Doc. #120 at 14]. The Magistrate Judge concluded that plaintiff failed to link his testimony of actual damages to the actual violations of which plaintiff complains. Plaintiff fails to acknowledge this reasoning of the Magistrate Judge, and objects only on the basis that the testimony of the plaintiff alone is sufficient to support a recovery of damages. While this may be true, plaintiff's testimony does not link the actual damages claimed to any actual conduct of defendants, which is required by the TDCA in order to recover damages. Plaintiff failed to meet this burden, and for this reason, plaintiff's objection is OVERRULED.

Plaintiff also objects that the Magistrate Judge improperly considered the affidavit of Alex Bessar in his original report and recommendation issued on December 17, 2012. However, in his subsequent report and recommendation issued on February 8, 2013, the Magistrate Judge expressly stated, "the Court will not consider the affidavit of Alex Bessar, since the parties agree that the existence of the handshake agreement is irrelevant to the determination of whether the debt was in default at the time of its assignment to AHF" [Doc. #120 at 6]. Therefore, this objection is also OVERRULED.

Plaintiff next objects that the Magistrate Judge erred when holding the debt was not in default at the time of assignment because X-Ray admitted the debt was in default in response to plaintiff's Requests for Admissions. However, the Magistrate Judge already considered this admission and found it insufficient evidence to support Plaintiff's claim that the debt was in default at the time it was assigned. Specifically, the Magistrate Judge reasoned that "allowing the account to be considered in default based on one word contained in a response to a Request for Admission . . . would give creditors discretionary and unilateral power to declare when a debt

is in default, which is contrary to the intent and purpose of the FDCPA." [Doc. # 120 at 8]. Plaintiff presents the court with no reason to find a different result.

Plaintiff's remaining objections appear to argue that because the Magistrate Judge partially withdrew his December 17, 2012 report and recommendation and issued a second report and recommendation after reviewing additional briefing from the parties, that the "Magistrate's own conflicting views demonstrate a genuine issue of material fact" [Doc. #131 at 15]. This is simply not the case. The Magistrate Judge's report and recommendation discusses in detail his recommendation that plaintiff's claims be dismissed in their entirety. In fact, whole portions of this report and recommendation remain unobjected to by plaintiff, including the portions in which the Magistrate Judge determined that AHF was not a debt collector for purposes of the FDCPA. The Magistrate Judge concluded that there were no remaining issues of material fact, and plaintiff fails to demonstrate that a material fact issue still exists.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #120] is hereby adopted. Accordingly, plaintiff's Motion for Summary Judgment [Doc. #47] is **DENIED**, and defendants' Motion for Summary Judgment [Doc. #48] is **GRANTED**.

Accordingly, this case is **DISMISSED** with prejudice. All relief not previously granted is **DENIED**.

So **ORDERED** and **SIGNED** this **21** day of **March, 2013.**

_____
Ron Clark, United States District Judge